IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXWELL BRUNKEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2292-N-BN |
| | § | |
| DR. ANDREA NILLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Maxwell Brunken filed this *pro se* action against Dr. Andrea Nillas, an emergency room physician at UT Southwestern Medical Center. *See* Dkt. No. 3. Senior United States District Judge David C. Godbey referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

By separate order, the Court will grant Brunken leave to proceed *in forma pauperis* ("IFP"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit with prejudice.

**Legal Standards**

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil

Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*,

2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

## Analysis

This is one of three lawsuits related to the same events that Brunken has filed. *See Brunken v. Truong*, No. 3:25-cv-2290-B-BN (N.D. Tex.); *Brunken v. Univ. of Tex. Southwestern Med. Ctr.*, No. 3:25-cv-2291-D-BN (N.D. Tex.). The first lawsuit was brought against the individuals who allegedly performed the medical procedure at issue in the three cases. This case is brought against the emergency room doctor who allegedly requested a consultation and later prescribed medication. *See* Dkt. No. 3 at 2-3.

Brunken asserts seven claims in this lawsuit. Two of the claims he alleges – Counts V and VI – do not give rise to a private right of action. Count V purports to allege a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and Count VI purports to allege a claim under 18 U.S.C. § 1519, a criminal law relating to the destruction, alteration, or falsification of records a matter within

the jurisdiction of a United States department or agency or a bankruptcy case.

But, while HIPAA provides a mechanism for the Secretary of Health and Human Services to seek civil and criminal penalties, it does not give rise to a private right of action. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (per curiam). And, in addition to the criminal statute not having any relevance to the facts alleged by Brunken, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *See Pierre v. Guidry*, 75 F. App'x. 300, 301 (5th Cir. 2003) (per curiam). For a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see also Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

So Brunken has not stated a claim in Counts V and VI.

The remaining five claims are for alleged violations of constitutional rights under 42 U.S.C. § 1983. And three of the five (Counts I, III, and IV) are for substantive due process violations. But for non-legislative substantive due process claims, "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)). Substantive due process is not meant to duplicate common-law tort liability "but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *Id.* at 848.

It "does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm," but requires action that "rise[s] to the conscience-shocking level." *Id.* at 848-49. Brunken's allegations do not meet the high standard required to establish a violation of substantive due process.

So Counts I, III, and IV should be dismissed for failure to state a claim.

Count II alleges a claim for denial of the right of access to the courts. But it is not clear how Dr. Nillas has impeded Brunken's access to the courts, as Brunken filed three lawsuits about the medical procedure at issue less than a month after it was purportedly performed. To state a claim for denial of access, a plaintiff must identify some systemic action that is preventing him from bringing a claim or some official action that prevented him from bringing an action that cannot now be brought. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). It is clear from the allegations that whether it was properly charted or not, Brunken was immediately aware of the purported medical procedure and had access to some documentation of the procedure and was not impeded from filing multiple lawsuits related to the procedure.

So Count II should be dismissed for failure to state a claim.

Brunken's final claim in Count VII is for a violation of equal protection. Brunken asserts that he received treatment different from other similarly-situated patients because he received "an undocumented invasive procedure." Dkt. No. 3 at 4. But the fact that Brunken alleges that his treatment was different than others is not sufficient to plead an equal protection violation. *Cf. Allred's Produce v. U.S. Dep't of Agriculture*, 178 F.3d 743, 748 (5th Cir. 1999) ("'[T]he conscious exercise of some

selectivity in enforcement is not in itself a federal constitutional violation.' Rather, it must be shown that the selective enforcement 'was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962))). Even for a class of one claim, which Brunken seems to be alleging, it is necessary for a plaintiff to plead facts supporting a claim of intentionality. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (explaining that "purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination"). Brunken has not sufficiently pled a claim for an equal protection violation.

So Count VII should be dismissed for failure to state a claim.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Brunken an opportunity to explain how he would cure the deficiencies identified above (that is, provide enough facts to plausibly allege all elements of each claim) and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant Brunken leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does

not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

But, if Brunken fails to show that leave to amend should be granted, the Court should dismiss the complaint with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE